CASE 45—PETITION EQUITY—JUNE 17.

# Cavanaugh v. Britt,

### APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

90    273
e123  675
123   676

90    273
e125  183

90    273
f128   70

1. FRAUDULENT CONVEYANCES—LIMITATION.—A suit by a creditor to set aside a conveyance as fraudulent is barred after five years from the time when the creditor, in the exercise of ordinary diligence, should have discovered the fraud; and after ten years from the execution of the conveyance the action is barred, regardless of the time when the creditor might have discovered the fraud.

2. SAME.—In such an action the time during which the judgment sought to be enforced was superseded is not to be estimated as a part of the period of limitation; but in this case the supersedeas having been discharged more than five years before the action was brought, and the five years' statute being aptly pleaded, the action is barred, the plaintiff having failed to show, either by pleading or proof, that he *could* not, by reasonable diligence, have discovered the fraud until within five years before the action was brought. The averment in his reply that he *did* not discover the fraud until within that time is not sufficient to avoid the plea of the statute.

3. SAME.—While the recording of the conveyance might not have operated as constructive notice to the plaintiff of its existence, he being an antecedent creditor, yet it is a circumstance which may be considered in determining when the discovery of the fraud might, by the exercise of ordinary diligence, have been made.

4. THE COURT DID NOT ABUSE ITS DISCRETION IN REJECTING AN AMENDED PETITION which, although based upon a fact known' to the plaintiff when he brought his action, was not tendered until after the pleadings were fully made up.

LANE & BURNETT FOR APPELLANT.

1. By the supersedeas bond and writ the plaintiff was not enjoined from doing any act necessary to save any right or benefit to which he was entitled, and the time during which the judgment was superseded is to be estimated as a part of the period of limitation. (Johnson v. Williams, 82 Ky., 46; Stengel v. Preston, MS. Op., January term, 1890.)

Section 21 of article 4, chapter 71, of the General Statutes, has no application to this case. That statute was intended to protect a present vested "right" or "benefit" in the citizen, and not a right to resort to a particular remedy.

Vol. 90—18.

A citizen can not have a vested right in any particular remedy. (Cooley's Const. Limit., 361.)

A resort to an action to vacate a fraudulent conveyance is a *remedy* furnished by the State, and not a right of the litigant. (Civil Code, secs. 439-441; Martz v. Pfeifer, 80 Ky., 601; Barton v. Barton, 80 Ky., 213; Napper v. Yager, 79 Ky., 241; Kyle v. O'Neil, 10 Ky. Law Rep., 709.)

The only exception to section 6 of article 3, chapter 71, General Statutes, is contained in section 12, article 4, same chapter.

2. To avoid the plea of the five years' statute it is not sufficient for the plaintiff to show that the action was brought within five years after the discovery of the fraud. He must establish a state of facts showing that he could not, with ordinary diligence, have discovered the fraud until within five years before the action was instituted. (Tachy v. Hicks, 7 Ky. Law Rep., 755; Cotton v. Brown, 9 Ky. Law Rep., 115; Fritschler v. Koehler, 7 Ky. Law Rep., 34; Wood v. James, 10 Ky. Law Rep., 531.)

3. The ten years' statute runs from the time of the perpetration of the fraud, and not from the discovery of the fraud, or from the time the right of action first accrued. (Brown v. Connell, 85 Ky., 406; Dorsey v. Phillips, 84 Ky., 426; King v. Graham, 84 Ky., 482; Fritschler v. Koehler, 83 Ky., 78; Phillips v. Shipp, 81 Ky., 441; Salve v. Ewing, 1 Duv., 271; Graves v. Leathers, 17 B. M., 669.)

ANDREW A. HAGGAN AND JOHN R. DOUGHAN FOR APPELLEE.

1. The time during which the judgment was superseded is not to be estimated as a part of the period of limitation, and plaintiff was entitled to ten years from the time the supersedeas was discharged in which to bring his action. (Gen. Stats., chap. 71, art. 4, secs. 9, 24.)

The case of Phillips v. Shipp, 81 Ky., 436, was unlike the case at bar.

2. The recording of the conveyance was not notice to creditors. (Ward v. Thomas, 81 Ky., 452.)

3. The deed was void for uncertainty, and the court erred in refusing to permit plaintiff to file an amended petition setting up that fact.

A deed should describe the thing granted with sufficient certainty to identify it. (Blackstone, book 2, chap. 20, p. 298; Tiedman on Real Estate, secs. 827, 799.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Joseph Britt, obtained a judgment in the Jefferson Court of Common Pleas on May 1, 1872, against John Cavanaugh, the husband of the appel--

lee, Catharine Cavanaugh. An appeal was taken to
this court, and the judgment superseded. The appeal
was dismissed in 1878. The mandate of this court
was filed in the lower court on April 6, 1878, an ex-
ecution sued out upon the judgment, and returned
"no property" on May 2, 1878. November 5, 1873,
the husband made a conveyance of all his property
to the appellant. It was a sweeping transfer. No
property was described. It conveyed, or at least at-
tempted to convey, to her all the property of her
husband of every description. The recited consider-
ation is love and affection. This action was brought
by the appellee on December 7, 1887, to set aside the
deed as not only voluntary, but actually fraudulent,
and to subject to the payment of the judgment four
lots of land, which the debtor owned at the time of
its rendition, and which are now claimed by the ap-
pellant under the deed from her husband.

Several defenses are pleaded. Among them is pay-
ment. There is no evidence, however, to support this
plea. Also, that there was not only a good, but a
valuable consideration for the deed. It is evident,
however, that if not actually fraudulent, it was con-
structively so as to the existing creditors of the gran-
tor, and, at best, but a voluntary conveyance. The
grantee also relies upon not only the five, but the
ten years' statute of limitation as to actions seeking
relief for fraud, and whether the conveyance to her is
protected by the lapse of time is the only real ques-
tion in the case.

Under our statute an action for relief upon the
ground of fraud or mistake must be commenced

within five years after the cause of action accrues;
and section 6, article 3, chapter 71, of the General
Statutes says: "In actions for relief for fraud or
mistake, or damages for either, the cause of action
shall not be deemed to have accrued until the dis-
covery of the fraud or mistake; but no such action
shall be brought ten years after the time of making
the contract or the perpetration of the fraud."

The five years' provision of the statute merely per-
fects the first clause of this section, and fixes the
limitation as five years from the discovery of the
fraud, or, as construed by this court, as five years
from the time when the creditor, in the exercise of
ordinary diligence, should have discovered it. (Dye
v. Holland, 4 Bush, 635.)

The Legislature has seen fit, and wisely, no doubt,
to also provide that an action to annul a conveyance
as fraudulent as to antecedent creditors is barred in
ten years after its execution, regardless of the time
when the creditor may discover the fraud. This ap-
plies to constructive as well as actual frauds. It was
intended to quiet old transactions, and to fix a time
beyond which the parties should not contend as to
when the fraud was discovered. It would be unrea-
sonable to suppose, however, that it intended, when
it so limited the time, that the creditor should be
barred of his action at the end of it, if, during that
period, some other provision of law had prevented
him from bringing it.

In the case now before us the debtor superseded the
judgment. It remained so until April, 1878. This
deprived the appellee of the right to bring any action

looking to the collection or even the protection of his judgment. The superseding of it prevented any step in that direction. This condition resulted from the act of the debtor, who was a necessary party to any suit to annul his conveyance. The law gave him the right to thus stop his creditor from proceeding to collect his demand, and it would be unreasonable to permit him to exercise this right, and then allow one holding under a fraudulent conveyance from him to claim that the time during which the right to sue had been thus suspended, should be estimated as a part of the limitation. This would bar the creditor of a right by lapse of time, when, during the same time, he was forbidden by law from exercising the right, and would have been in contempt of court if he had attempted to do so.

It was decided in Johnson v. Williams, &c., 82 Ky., 45, that after a judgment has been obtained and superseded by the debtor, the creditor has no right to bring an action upon it, and protect it by suing out an attachment against the debtor's property. He can not harass the debtor with another suit while the judgment is thus suspended and the right to it in question. This being so, it is not supposable that such a solecism exists in the law as to say that one must exercise a right within a certain period, or he shall be barred from doing so, when, during that same time, it forbids the exercise of the right. Moreover, section 21, article 4, chapter 21, of the General Statutes provides: "In all cases where the doing of an act necessary to save any right or benefit is restrained or suspended by injunction, *or other lawful*

*restraint,* vacancy in office, absence of an officer, or his refusal to act, the time covered by the injunction, *restraint,* vacancy, absence or refusal to act shall not be estimated in the application of any statute of limitation."

In the case of Phillips, &c., v. Shipp, &c., 81 Ky., 436, to which we have been referred, the judgment sought to be enforced against property in the hands of a voluntary grantee had not been superseded.

While, however, ten years had not elapsed before the bringing of this action, during which the appellee could have brought it, yet over nine years had ; and the limitation of five years being aptly pleaded, the burden rested upon the appellee, by proper pleading, and evidence in support of it if denied, to avoid the effect of the plea. His reply merely avers that he did not discover the fraud until within five years before the bringing of the action. His testimony only goes this far, and, according to the repeated ruling of this court, it is insufficient. In such a case it is incumbent upon him to reply, not only that he did not discover the fraud within five years before the institution of his action, but that the exercise of ordinary diligence upon his part would not have led to the discovery ; and if his replication be denied, he must, by testimony, present a state of case showing that the exercise of such diligence by him would have been of no avail. (Zackay's Adm'r v. Hicks, 7 Ky. Law Rep., 755; Cotton v. Brown, 9 Ky. Law Rep., 115 ; Woods v. James, &c., 87 Ky., 511.)

While the recording of the conveyance may not have operated as constructive notice to the appellee

of its existence, he being an antecedent creditor, yet it is a circumstance which may be considered in determining ·when the discovery of the fraud might, by the exercise of ordinary care, have been made.

A creditor has a right to regard the condition of his debtor when the debt was created as continuing, but he has no right to shut his eyes, and then say that he did not discover the fraud until within five years before the bringing of his action. If so, then his negligence would often work great hardship to voluntary but innocent grantees. If the circumstances surrounding him are sufficient to lead one of prudent mind, in the exercise of ordinary diligence, to discover the changed financial condition of his debtor, then he is required to exercise that diligence within a certain time or hold his peace. In this instance the creditor resided in the county where the deed was made at the time of its execution. It is true he moved to another county, not very distant, not long after; but he returned in 1882, and yet his action was not brought until five years thereafter. He had a return of *nulla bona* as early as 1878, and his long delay implies laches upon his part, which his own testimony in no way excuses. Opportunity should not, therefore, be given for an effort to cure the defective pleading.

The appellee complains by a cross-appeal of the rejection by the lower court of an amended petition assailing the conveyance to the appellant as void for want of description of the property conveyed. It was tendered after the pleadings had been fully made up, and was based upon a fact known to the appellee

when he brought his action. This court can not, therefore, hold that the court below abused its discretion, even conceding the sufficiency of the proposed pleading.

The judgment is affirmed upon the cross-appeal and reversed upon the main appeal, with directions to dismiss the appellee's petition.