Case 89.—ACTION BY MAGGIE S. WOOD AND ANOTHER AGAINST KATE B. SWINEBROAD AND ANOTHER TO RECOVER LAND AND RENTS.—Oct. 31.

## Swinebroad, &c v. Wood, &c.

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for Plaintiffs. Defendants appeal. Reversed.

1. Reformation of Instruments—Mistake—Evidence—Sufficiency —Evidence examined, and held to support a finding that a deed executed by a father to a daughter and her children was intended by the parties to give the daughter a life estate with remainder to her children, warranting the court to reform it in accordance with such intention.

2. Limitation of Actions—Defense—Pleading—Necessity — The statute of limitations, barring a right to have a deed reformed, must be pleaded, and a demurrer to the pleading asking for the reformation is insufficient to interpose the defense.

3. Same—Anticipating Defense of Limitations—One seeking the reformation of a deed need not in his petition anticipate a plea of the statute of limitations and allege matter in avoidance thereof, but when the defense is interposed, he may set forth such matter.

4. Same—Defense—Avoidance—A father executed a deed to his daughter and her children. The daughter and children construed the deed as giving the daughter a life estate, with remainder to the children, and they acted on such a construction for over five years, when one of the children claimed that the deed granted to the daughter and the children an undivided interest in the premises conveyed. Held, that the facts

avoided the defense of limitations to the right of the daughter to have the deed reformed, so as to give to her a life estate, as intended by the grantor.

WILLIAM HERNDON and ROBERT HARDING for appellants.

## CONTENTION BY APPELLANTS.

1. The alleged deed was never delivered to any of the grantees at any time.

2. It was never accepted by either one of the grantees at any time.

3. It was void for champerty, when executed and, when placed in the county clerks office for record, it was not placed there by Greenberry Bright.

4. Appellant Kate B. Swinebroad, received the land as a gift from her father and husband in January, 1883, when she placed her deed for record and took full possession of same, and held it continuously, uninterruptedly, adversely and of right, for more than 20 years, before this claim of appellee Wood was set up. Grantee was never in possession of the land.

5. Appellee, Wood, and G. W. Swinebroad were not entitled to rents in any event, but if so then the counter-claim for betterments was good.

## AUTHORITIES CITED.

Ford v. Gregory's Heirs, 10 B. M., 180; Alexander v. De-Kermel, 81 Ky., 345; January v. Bradford, 4 Bibb, 566; Bell v. Farmers Bank, 11 Bush, 39; Tuttle v. Turner, 28, Tex.; Owens v. Tucker, 90 Ky., 298, Sutton v. Gibson, 27 R., 111; Jefferson County Building Ass'n v. Heil, &c., 81 Ky., 514; Ward v. Small's Admr 90 K., 198; 17CYC., 5609; 13 CYC., 571; Kermel v. Alexander, 4 K. L. R., 145; Walter v. Way, 48 N. E., 421; 6 CYC., 871; Logan v. Phenix, 23 K. L. R., 2300; Dubois & Longer v. Marshall, 3 Dana, 336; 15 A. & E. CYC. of Law, 1st Ed., 647; Pomeroy's Equity, 838, 839; 1st CYC., 1148 and 1151; 1st CYC. of Evidence, 658 and Note 30; 1st CYC. of Evidence, 655; Maysville & Big Sandy R. R. v. Holton, 100 Ky., 675; Dailey's Adm'r v. Barkley, 109 Ky., 640; Thompson v. Thompson, 93 Ky., 435; Commonwealth v. Gibson, 85 Ky., 666; Lewis v. Lewis, 5 K. L. R., 758; Spradlin v. Spradlin, 13 K. L. R., 723; Moore v. Webb, 2 B. M., 282; Parks Heirs v. White's Heirs, 4 Dana, 552; Ford v. Ellingwood. 3 Met., 359; Owsley v. Owsley, 25 K. L. R., 1194; 1st CYC., 1044, note 31; Smith v. Morrow, 5 Littell, 210; 14 CYC., 162; 1st Bouvier Dictionary, 92; Stevens v. Reavis, 3

Swinebroad, &c. v. Wood, &c.

K. L. R., 475; Richmond & Lexington T. P. R. Co. v. Rogers, 7 Bush, 532; Thomas v. Thomas' Ex'rs., 16 B. M., 420; Barlow v. Bell, 1st Marshall, 246; Bourne v. Odam, 17 K. L. R., 696; Rucker v. Abell, 3 B. M., 566; 1st CYC. of Evidence, 699; Gossom v. Donaldson, 18 B. M., 230; Medlock v. Suter, 80 Ky., 101.

G. W. SWINEBROAD, W. S. BURCH and M. C. SAUFLEY for appellee.

## POINTS AND AUTHORITIES.

1. The Court erred in overruling demurrer to plaintiffs amended petition.

2. The court erred in sustaining the demurrer of plaintiff to the 2nd paragraph of the answer of G. B. Swinebroad, wherein he alleges the deed conveys a life estate in all the land to Kate B. Swinebroad with remainder to plaintiff and this defendant.

3. The court erred in the construction given by the Court in its judgment to the deed in question.

4. The Court erred in refusing the relief sought in the third paragraph of the answer of G. B. Swinebroad, wherein he seeks a reformation of the deed in question, the court having allowed the paragraph to stand and the only question on final submission being one of proof, and the only evidence on that paragraph being such evidence as was introduced in support of the allegations and that evidence being absolutely uncontradicted and decisive.

## AUTHORITIES CITED.

American Ency. of Law, Vol. 1, page 795; Same, Vol. 17, page 696, 697; Cyclopedia of Law and Procedure, Vol. 1032; Hall v. McLeod, 2 Met., 98; Shackelford v. Smith, 5 Dana, 232; Chiles v. Jones, 4 Dana, 479; Miller v. Shackelford, 4 Dana, 264; Bruce v. Taylor, 2 J. J. Marshall, 160; Commonwealth v. Gibson, 85 Ky., 670; McHarry v. Irvin's executor, 85 Ky., 374; Kamer v. Bryant, 103 Ky., 103; Thompson v. Thompson, 2 B. M., 166; Ballard v. L. & N. R. R. Co., 9 Ky. L. R., 523; Henderson v. Mack, 82 Ky., 379; Noyes & Co. v. Nichols, 28 Vt., 159; Jackson v. Myers, 3 Johns, 383; Barth v. Barth, 23 K. L. R., 1246, 64 S. W., 993; Adams v. Adams, 20 K. L. R., 655, 47 S. W., 335; Clay v. Chenault, 10 K. L. R., 779; Bodines Adm'r v. Arthur, 91 Ky., 54; Ratliffe v. Marrs, 87 Ky., 26; Brumley v. Brumley, 28 K. L. R., 231; Smith v. Smith, 27 K. L. R., 362; Hall v. Wright, 27 K. L. R., 1185 and cases cited in the opinion; Turner v. Patterson, 5 Dana, 296; Kendall v. Crawford, 23 K. L. R., 1224, 77 S. W., 364; Worley v. Tuggle, 4 Bush, 168; Mattingly and wife v. Speak, &c., 4 Bush, 316.

OPINION BY JUDGE NUNN—Reversing.

Greenberry Bright was a man in good financial circumstances, and owned between 1,500 and 2,000 acres of valuable land in Lincoln county. He had four or five children, the appellant Kate B. Swinebroad being one of them. In the latter part of the year 1882 he purchased 200 acres of land at the price of about $2,000, and placed his daughter, Kate, with her husband and two children, in possession of it, and they have been in the actual possession of it ever since, except the year 1886, when they rented and occupied a small farm in that vicinity. The cause of this break in their possession was the destruction of their home by fire in the year 1885. In the year 1886, Greenberry Bright took possession of the farm, and had it cultivated, according to appellants, as tenant, at the price of $1,000, less the taxes of $60. Appellees claim that he took the possession of it as his own, and the $1,000 was given to his daughter Kate. In the month of July, 1893, Greenberry Bright made the following deed to his daughter Kate, and her children, and it was recorded in the month of September, 1896: "This deed of gift made and entered into this 11th day of July, 1893, between Greenberry Bright, grantor, and Kate Swinebroad and her two children, Maggie Swinebroad and G. Bright Swinebroad, grantees, Witnesseth: That in consideration of the love and affection I bear my daughter Kate Swinebroad and her children, I do hereby grant, bargain and convey unto the grantees above named a certain tract of land situated in Lincoln county, Ky., on the Hanging Fork of Dix river, containing about 200 acres, it being the same tract of land I purchased of Samuel Engleman and James Engleman, and evidenced by deed of conveyance now of record in the Lincoln county clerk's

office. Do give, grant and convey the same to the
grantees to have and to hold jointly until some cause
of division may arise by the death of the said Kate
Swinebroad or otherwise, then to go to her children
equally. Given under my hand this 11th day of July,
1893.'' Mr. Bright died in the month of December, 1896.
Mrs. Swinebroad and her children never knew that
this deed was in existence until the year 1897. Kate
says that when she first learned that there was such
a deed she repudiated it. Maggie says she accepted
it, and the son, G. Bright Swinebroad, says he ac-
cepted it with the understanding that it conveyed to
his mother, Kate, a life estate, and the remainder to
him and his sister, Maggie, in equal portions.

In the month of January, 1904, the appellee, Mag-
gie Wood instituted this action for a division of the
land, giving her one-third thereof, and to recover of
her mother and father one-third of the value of the
rents from her grandfather's death in 1896, amount-
ing to about $2,000, including interest. The appellant
answered, controverting all the allegations of the pe-
tition, and averring that her father gave her the land,
in 1883, as an advancement, and that she took posses-
sion of it as the owner, and had held it under the gift
continuously, uninterruptedly, adversely, and against
the claims of all persons, from that time to the date of
her answer, a period of more than 20 years. In an-
other paragraph she alleged that she was ignorant of
the deed, herein copied, or of any claim that her
father had or claimed in the land during her occu-
pancy of it; that she and her husband, believing that
it was hers made lasting and valuable improvements
thereon, describing same, and which increased the
salable value of the land to the extent of $6,000, and
asked that, in the event the appellee recovered a third
of the land, she, appellant, be adjudged a lien for one-
third of the cost of the improvements as against

appellee's third; or that the improvements be set off against appellee's claim for rent.   By another paragraph she alleged that the deed referred to did not speak the mind or intention of her father; that it was his intention to, and he attempted to, convey to her a life estate in the whole tract, and remainder in equal shares to her two children, the appellee and her co-appellant, G. Bright Swinebroad.   During the pendency of the action, and before trial, she, appellant, withdrew this last paragraph of her answer.   The answer of G. Bright Swinebroad contained several paragraphs.   By the first he controverted the allegations of the petition; second, he averred that the vendor, his grandfather, intended to, and did, convey, and when properly understood and construed, it should be adjudged to convey, to his mother, the appellant, the whole of the land for and during her natural life, and the remainder in fee to himself and sister, the appellee.   The court sustained a demurrer to this paragraph, and overruled a demurrer to the following paragraph, in which he alleged, in substance, that if the deed failed to convey the land to his mother for and during her natural life, with remainder to him and his sister, then the deed does not express the intention of the grantor therein, and does not convey the land in accordance with his intention and wish with reference thereto; nor is it in accordance with his instructions to the draftsman; that, if the deed conveys to the grantees any other interest or estate in and to the land than a life estate to his mother, and the remainder to himself and sister, then the deed does not express the intention of the grantor, but was a mistake of the draftsman of the deed; and asked the court to correct the mistake, and reform the deed so as to convey all the land to his mother for life, and remainder for him and his sister, the appellee.   The appellee by consent controverted the affirm-

ative matter of G. Bright Swinebroad's answer.

The court tried the case, which resulted in the following judgment: "The court adjudges that under and by virtue of the deed of Greenberry Bright of the date July 11, 1893, and recorded September 22, 1896, to Kate B. Swinebroad, G. B. Swinebroad and Maggie Swinebroad (now Maggie S. Wood), the plaintiff Maggie S. Wood is entitled in fee simple to one-third ($\frac{1}{3}$) undivided interest in and to the land men-mentioned in the petition and described in said deed; that G. B. Swinebroad is entitled to one-third ($\frac{1}{3}$) undivided interest in fee simple in and to said land, and that Kate B. Swinebroad is entitled to a life estate in one-third ($\frac{1}{3}$) undivided interest in said land with remainder in fee to the plaintiff Maggie S. Wood, and the defendant G. B. Swinebroad. The court further adjudges that the defendant Kate B. Swinebroad is not the owner of said land by parol gift, advancement, or adverse possession, or in any way, and their answer and counterclaim is dismissed, to which the defendant Kate B. Swinebroad and G. B. Swinebroad except. The court in construing that phrase of said deed of Greenberry Bright, to wit: 'To hold jointly until cause of division may arise by the death of said Kate Swinebroad, or otherwise,' is of the opinion that the words 'or otherwise' are without force, and therefore adjudges that the plaintiff had not manifested a right to partition during the life of Kate B. Swinebroad, and refuses to order same. It is further adjudged that the defendant G. B. Swinebroad has not mani-fested a right to have aforesaid deed of Greenberry Bright reformed, and refuses to adjudge a reforma-tion, and the first and second and third paragraphs of his answer are dismissed, to which the defendant G. B. Swinebroad excepts. It is further adjudged that the plaintiff Maggie S. Wood recover of the

defendants, Kate B. Swinebroad and G. B. Swine-
broad, the sum of twelve hundred and six dollars and
$^{23}/_{100}$ ($1,206.23) with 6 per cent. interest thereon
from this date (July 3, 1905), and her costs herein
expended, for which fi. fa. may issue. This aggre-
gate sum is made up of the following items for the
rents and profits of the land, to wit: $240.24 as of
January 1, 1900; $241.27 as of January 1, 1901;
$242.17 as of January 1, 1902; $241.94 as of January
1, 1903; and $240.61 as of January 1, 1904." A like
judgment was given in favor of G. Bright Swine-
broad for rent against his father and mother.

As to the question whether or not appellant Kate B.
Swinebroad is the owner of the land by parol gift,
advancement and adverse possession, the evidence is
very conflicting. She introduced evidence strongly
tending to show that her claim was just, and that she
was the owner of the fee. On the other hand, appel-
lee's proof conduced to show that she was placed in
possession of the land by her father, and held it sub-
ject to his will and pleasure, and at all times looking
to him for title. The evidence on this point is so near
equipoised we do not feel inclined to disturb the find-
ing of the lower court thereon.

To determine the interests the grantees take in the
land, under the deed, is a difficult question. In
Thompson v. Thompson, 2 B. Mon. 166, this court, in
construing a deed, said: ' "The intention of the par-
ties is a fundamental, and should be a governing,
principle in the construction of all instruments, and,
when the language is ambiguous, or of doubtful im-
port, it is allowable to look behind the instrument into
the state and conditions of the parties, their motive,
object, aim, and end in its creation, as means of leading
to a proper understanding of its import. And fur-
ther, the contemporaneous construction and action of
the parties interested under it is entitled to great

weight, and should be conformed to, carried out, and
sustained, if it can without doing violence to its
terms." The appellees contend that the deed is not
ambiguous, and that it passed the title to her mother
for life of one-third of the land, only, and the other
two-thirds and the remainder interest in that third in
fee to her and her brother. This construction is sup-
ported by that part of the deed in which the children
by name, are given as grantees with their mother.
If this had not been done, under the authority of the
case of Hall v. Wright, 121 Ky., 87 S. W. 1129, 27 Ky.
Law Rep. 1185, and the cases therein cited, the appel-
lant would have taken under the deed a life estate in
the land, and her children the remainder. The use
of the words "to hold jointly" also supports appel-
lees' contention.

The appellant G. Bright Swinebroad contends that
the deed should be construed as if the deed read to
Kate Swinebroad and her children; that the naming
of the children does not alter the meaning, and the
surrounding facts and circumstances show that the
grantor did not intend, in the naming of the children,
for the deed to have any other effect than if the lan-
guage had been "her and her children." It never en-
tered the mind of the grantor that if his daughter bore
any other children that they should be excluded from
any interest in the land. Such would be the effect
of the deed if appellee's contention of it be upheld.
He also contends that the use of the word "jointly"
as used in the deed only refers to the interest of the
children. Taking into consideration the caption and
granting clause, and going to the last sentence, "then
to go to her two children equally," taken in considera-
tion with the preceding sentence of the habendum,
"to have and to hold jointly until some cause of divi-
sion may arise by the death of said Kate Swinebroad,
or otherwise," by this process of construction it is

made to appear that the word "jointly" only refers to the interests of the children, their remainder interest; that is, they must hold their remainder interest "jointly until a cause of division arises, which will occur at the death of Kate Swinebroad, or otherwise." The meaning of the words "or otherwise" can only be guessed. There is nothing in the deed to explain their meaning.

We decline, however, to pass upon the proper construction of this deed, or what estate appellant takes under it as worded, for we have arrived at the conclusion from the testimony that, if it as written does not pass to the appellant a life estate in all the tract then it was a mistake of the draftsman of it, and the court should have reformed it so that she might have taken such life estate, and the children the remainder. The draftsman, John Bright, testifies that Greenberry Bright, who was then over 90 years old, and feeble, told him to write the deed, and to so write it as to give the land to his daughter for life, and the remainder to her children and that he and the grantor thought that the deed as prepared effectuated that purpose; that if it did not it was a mistake on his part. There was no evidence introduced to contradict this, but almost every fact and circumstance proven in the case corroborates it. It was shown that the grantor had the same kind feeling for his daughter, Swinebroad, that he had for his other children; that he made no difference between any of his children. His endeavor was to make them all equal. He conveyed all of his lands to his children for life, with remainders to their children. He made a will in July, 1895, disposing of his personal estate. In the will is the following clause: "Whereas, I have donated, given, and granted all my real estate (land) to my children by deed of gift, which I hold to be given them at my dec. to be recorded, and when recorded which will

give them laudable and legal right to land which they hold and have possession.'' This language clearly indicates that the grantor in the deed was impressed with the belief that he had given his daughter the land for life, and not a life estate only in one-third of it. Again it appears that between the date of the will and the death of Mr. Bright, he had John Bright to write in a book for him the advancements he had made to his children, in which it was stated that he had given to his daughter (appellant) 200 acres of land valued at $10,000, and she was charged this sum in the settlement of the personal estate. It appears that Mr. Bright was an honorable and just man, and he certainly did not knowingly and intentionally charge his daughter $10,000 for 200 acres of real estate, when, in fact, according to appellees' construction of the deed, she only received a life estate in one-third of that number of acres, when according to the proof she and her husband, with the knowledge of Mr. Bright, had increased the vendible value of the land by improvements to the extent of about $4,000, a sum greater than the value of her interest under the deed as construed by appellees. It is clear that John Bright was an inexperienced draftsman. He and the grantor thought he had drawn the deed conveying a life estate to the mother and the remainder to the children. With reference to the power of the chancellor to correct such mistakes, see the cases of Kendall v. Crawford 77 S. W. 364, 25 Ky. Law Rep. 1224; Mattingly and Wife v. Speak, etc., 4 Bush 316.

It may be contended, however, that the statute of limitations barred the right to have the deed reformed. A sufficient answer to this is that the statute was not pleaded. There was, however, a demurrer filed to this paragraph of the answer and overruled. The general rule is that the statute must be pleaded. It cannot be reached by demurrer.

In the cases of Cavanaugh v. Britt, 90 Ky. 275, 12 Ky. Law Rep. 204, 13 S. W. 922, and Woods v. James etc., 87 Ky. 517, 10 Ky. Law Rep. 531, 9 S. W. 513, it was held that if the action for relief against fraud or mistake is brought after five years from the making of the mistake or the perpetration of the fraud, the plaintiff must allege and prove facts showing that he could not, by reasonable diligence, have discovered the mistake or fraud sooner than within the five years next before the institution of his action.  Upon investigation of these cases, and others on the same question, it might reasonably be implied that it is necessary to make these allegations in the petition, but it is not so expressly decided.  On the other hand, in the cases of Cotton v. Brown, 4 S. W. 294, 9 Ky. Law Rep. 115, and Fritchler v. Koehler, 7 Ky. Law Rep. 34, and other cases, it is said by the court in substance, when, in an action for relief on the ground of fraud or mistake, the defendant relies upon the five-year statute of limitation and shows that the fraud or mistake was perpetrated or made more than five years before the action was instituted, the plea must prevail, unless it is avoided by a replication showing that the action was brought within five years after the discovery, and that he could not, by reasonable diligence, have discovered same sooner.  In our opinion this is the proper practice. There is no reason why a plaintiff in such an action should be required to anticipate in his petition a plea of the statute, and allege matter in avoidance of it.  The plea of the statute of limitation is a personal one.  The defendant may not desire to avail himself of it.  But when pleaded the opposite party may set forth matter in avoidance of the plea.

But the plea of the use of ordinary diligence and the failure to discover the mistake or fraud until five years before the action is brought is not the only available plea in avoidance of the statute of limita-

tions in such cases. Terrell v. Maupin, 83 S. W. 591, 26 Ky. Law Rep. 1203; Cavanaugh v. Britt, supra. In the last named case the court said: "The Legislature has seen fit, and wisely no doubt, to also provide that an action to annul a conveyance as fraudulent as to antecedent creditors is barred in 10 years after its execution, regardless of the time when the creditors may discover the fraud. This applies to constructive as well as actual frauds. It was intended to quiet old transactions, and to fix a time beyond which the parties should not contend as to when the fraud was discovered. It would be unreasonable to suppose, however, that it intended, when it so limited the time, that the creditor should be barred of his action at the end of it, if, during that period, some other provision of the law had prevented him from bringing it. It appears from the record that all the parties in interest, upon the discovery of this deed, were over 21 years of age, and construed it as giving a life estate to the mother, and remainder to the children, and continued to so construe and act upon it until the institution of this action in January, 1904, more than five years after the discovery of the deed. Appellee, down to that time, did not claim any present interest or right of possession, or rents, and during all this time she knew that her mother was in the actual possession of the land, claiming possession and use adversely to her, and also knowing that her mother and father were making improvements upon the land under the belief that her mother owned a life estate in the whole. If appellee had pleaded the statute of limitations, in bar of the correction of the mistake in the deed, the appellant could have successfully presented and maintained a plea of the above facts in avoidance or estoppel of appellee's plea in bar. She should not be permitted to lull her mother and brother into the belief that she had accepted the deed with the

understanding that she took only a half interest in remainder, and, after the five years had elapsed, then be permited to derive the benefits of her plea of limitation. This would, though possibly not intended, have operated as a fraud upon the rights of appellant.

The judgment of the lower court is reversed, and remanded for orders consistent herewith.