Vol. 125.]    JANUARY TERM, 1907.    177

Yager's Adm'r, &c., v. President, &c., of Bank of Kentucky, &c.

CASE 20.—ACTION BY W. H. YAGER'S ADMINISTRATOR AND OTHERS AGAINST THE PRESIDENT, DIRECTORS, AND BANK OF KENTUCKY AND OTHERS TO RECOVER CERTAIN BANK STOCK OR ITS VALUE. —March 22.

# Yager's Adm'r, &c., v. President, &c., of Bank of Kentucky, &c.

Appeal from Jefferson Circuit Court; Chancery Branch (Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendants. Plaintiffs appeal. Reversed.

1.  Administrators—Actions by—Administrator De Bonis Non.— Testator having devised to his wife the income of his property for her life, and appointed her executrix, an action was brought after her death by the administrator de bonis non, alleging that defendants had participated in the conversion of certain bank stock of decedent's estate by such executrix. Held, that the administrator de bonis non could not maintain the action; the right of action in such case being in the distributees.
2.  Same—Parties Plaintiff—Demurrer.—Where, in an action to recover for bank stock of a decedent's estate, alleged to have been converted, a brother of decedent who was an heir at law and remainderman, was not joined, the petition was subject to special demurrer on the ground of a defect of parties.
3.  Limitation of Actions—Defenses—Pleading—Necessity.—The statute of limitations (Ky. Stats., 1903, sections 2515, 2519), to bar a right to relief on the ground of fraud, must be pleaded, and a demurrer to a pleading asking for such relief is insufficient to raise that defense.

BARNETT & BARNETT, JAMES S. MORRIS and HARDIN H. HERR for appellants.

ALEX. G. BARRETT for appellee.

(No briefs—record out of office.)

OPINION OF THE COURT BY JUDGE SETTLE—
Reversing.

This is an appeal from a judgment of the Jefferson
circuit court, second chancery division, sustaining a
demurrer to the petition, a motion to strike therefrom
the name of F. J. Yager, as administrator de bonis
non, with the will annexed, of the estate of W. H.
Yager, deceased, and dismissing the action.

This action was instituted by the appellants, F. J.
Yager and Lizzie R. Lewis; the former suing as
admistrator de bonis non of the estate of W. H. Yager,
deceased, and in his own right as an heir at law of
the decedent, and the latter as assignee of Lucinda
R. Shrader and Eliza J. Galbreath, sisters, and also
heirs at law, of W. H. Yager, deceased. It is, in sub-
stance, averred in the petition that W. H. Yager died
in Jefferson county in 1891, leaving a last will and
testament, which was shortly thereafter duly
admitted to probate by the Jefferson county court.
The first clause of the will directs the payment of the
testator's just debts and funeral expenses. The sec-
ond clause contains the following provision: "I will
and devise unto my beloved wife, Nannie R. Yager,
for and during the natural term of her life, all of
the income, profits and dividends of all my estate of
every kind and description, which I may own, or in
which I may be interested, at the time of my death,
wheresoever the same may be situated. Out of this
income she shall pay the taxes and insurance to the
same extent that my property is now insured and
reasonable repairs, and after the payment of the

same, the said income, profits and dividends shall become hers to do with as she pleases.'' Clause third appoints the testator's wife executrix of the will without bond, and directs that no appraisement of the estate be made by the executrix, and that ''she be not required to file any inventory, or sell any of my property at public or private sale.'' It is further averred in the petition that the testator's wife, Nannie R. Yager, duly qualified as executrix of the will, and by virtue thereof took possession of all the estate devised, and retained the same, or such part thereof as she did not expend or waste, until her death, which occurred December 26, 1904; that among other property left by the testator and received by the executrix of the will were 10 shares of the capital stock of the Bank of Kentucky, of the par value of $100 each, which she wrongfully and illegally sold at the price of $1,900 to a purchaser procured by the Bank of Kentucky and its officers; that the sale of the bank stock by the executrix was advised by the officers of the bank, that they assisted her in effecting it, though it was not necessary to sell the same or any part thereof, as the executrix was then receiving and enjoying an income of $5,000 from the estate left by the testator.

The petition contains, in substance, the further averment that as, under the will of her husband, Mrs. Yager was only entitled during her life to the income, dividends, and profits of the estate devised by her husband, subject to the charges for the payment of taxes and insurance, and the will made no disposition of the estate beyond her death, the same at her death descended under the statute to the testator's next of kin and heirs at law, as he left no children surviving him or his wife; that the bank stock in question was

a part of the corpus of the estate, only the income of which she could use, and its sale constituted a conversion of the same by her and the Bank of Kentucky and its officers, and was a fraud, actual or constructive, upon and against the heirs at law of the testator, entitled to take the bank stock at the death of the widow; that the latter as executrix only held and controlled the bank stock under a trust created by the will with the right to her to enjoy its dividends; and that the bank and its officers advised and assisted her to make the sale thereof with notice of the provisions of the will and knowledge that she had no right to sell it, which facts, it is charged, made such officers, the Bank of Kentucky, and the National Bank of Kentucky, its successor, and the present owner of its assets and business, liable to the heirs at law for the value of the bank stock, for which reason the latter bank was also made a defendant to the action, and recovery sought against it. It also appears from the averments of the petition that the appellant F. J. Yager was a brother and is an heir at law of the testator, and that the appellant Lizzie R. Lewis, as a purchaser and by assignment, is the owner of two shares in the testator's estate that upon the death of the widow fell to his two sisters, Lucinda R. Shrader and Eliza J. Galbreath, as heirs at law and remaindermen under the will. There appears to be at least one other heir at law, a brother of the testator, who does not seem to have been made a party to the action, either as plaintiff or defendant.

As heretofore stated, the lower court sustained a demurrer to the petition, and also a motion to strike therefrom the name of appellant F. J. Yager, as administrator de bonis non. Although appellee filed both a general and special demurrer to the petition,

there is but one order in the record in respect to any action taken upon the demurrer. That order simply recites the fact that the demurrer was sustained, without saying whether it was the general or special demurrer. Ordinarily, we would assume that each was intended to perform its particular office, and we are advised by the briefs of counsel that this is true as to the special demurrer, which was interposed and sustained on the ground of a defect of parties and want of capacity in appellant F. J. Yager to maintain the action as administrator de bonis non; but we are further advised by the briefs of counsel that the general demurrer was sustained, not because the facts alleged in the petition did not state a cause of action, but solely for the reason that the petition showed on its face that the action was barred by the statute of limitation. The ruling of the court in sustaining the motion to strike from the petition the name of the administrator de bonis non also appears to have been based on the ground that, as administrator de bonis non, he could not recover assets of the estate which were converted or wasted by the executrix and trustee; the right of action in such a case being in the distributees. Warfield v. Brand's Adm'r, 13 Bush 77. This conclusion is sustained by the authorities; but, while it is true the appellant F. J. Yager cannot maintain the action in his fiduciary capacity, this fact did not. interfere with his right as heir at law of W. H. Yager, deceased, and remainderman under his will, to maintain it in connection with the other heirs and remaindermen, or by making them defendants. Lizzie R. Lewis, present owner of the respective interests of Lucinda R. Shrader and Eliza J. Galbreath in the estate, also had the right to join in the same action, and was

properly made a plaintiff therein. It is patent, therefore, that the lower court did not err in striking from the petition the name of appellant J. F. Yager as administrator de bonis non, or in sustaining the special demurrer because of a defect of parties; but an order should have been entered requiring appellants to make the other brother of the testator, who is likewise an heir at law and remainderman, a party to the action, and, if unwilling to join therein as a plaintiff, he should have been made a defendant.

It being conceded by counsel that the general demurrer to the petition was sustained by the lower court solely on the ground that the cause of action therein relied on was barred by the statute of limitation, we must determine whether this was error. It is insisted for appellees that, as the cause of action relied on is the alleged fraud, actual or constructive, of the bank in assisting Mrs. Yager, the life tenant or trustee, under her husband's will, to sell and transfer the bank stock in controversy, in violation of the provisions of the will, and with knowledge of the rights of the remaindermen, and it appears from the averments of the petition that the appellants, remaindermen, knew of the alleged wrongful conversion of the bank stock more than five years before the action was instituted, appellees had the right to rely on the statute of limitations by demurrer; therefore the court did not err in sustaining the demurrer on that ground.

By section 2515, Ky. Stats., 1903, an action for relief on the ground of fraud or mistake must be commenced within five years next after the cause of action accrues, and by section 2519 the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action

shall be brought 10 years after the time of making
the contract or the perpetration of the fraud. We
are aware that cases like the one at bar are to be
found in which it was held by this court that, where
the facts alleged in the petition affirmatively showed
the action was barred by limitation, and that nothing
could be pleaded to prevent the application of the
statute, it was proper to sustain a demurrer to the
petition on account of the bar interposed by the
statute. Green, Adm'r, v. Irvine, 66 S. W. 278, 23
Ky. Law Rep. 1762; Gowdy v. Johnson, 104 Ky. 648,
20 Ky. Law Rep. 997, 47 S. W. 624, 44 L. R. A. 400.
But in quite a number of more recent cases the court
receded from that conclusion, and held that in actions
of this kind the plaintiff need not anticipate a plea
of the five or ten years' statute, and that, if the
defendant would rely upon limitation, he must plead
it. Perhaps the latest of these cases is that of Swine-
board v. Wood, 123 Ky. 664, 97 S. W. 25, 29 Ky. Law
Rep. 1202, in which one of the questions involved was
the right of the party to have corrected the mistake
in a deed. In the opinion it is said: "It may be
contended, however, that the statute of limitations
barred the right to have the deed reformed. A suf-
ficient answer to this is that the statute was not
pleaded. There was, however, a demurrer filed to
this paragraph of the answer and overruled. The
general rule is that the statute must be pleaded. It
cannot be reached by demurrer. In the cases of
Cavanaugh v. Britt, 90 Ky. 275, 12 Ky. Law Rep.
304, 13 S. W. 922, and Woods v. James, 87 Ky. 510,
10 Ky. Law Rep. 531, 9 S. W. 513, it was held that,
if the action for relief against fraud or mistake is
brought after five years from the making of the mis-
take or the perpetration of the fraud, the plaintiff

must allege and prove facts showing that he could not by reasonable diligence have discovered the mistake or fraud sooner than within the five years next before the institution of his action. Upon investigation of these cases, and others on the same question, it may reasonably be implied that it is necessary to make these allegations in the petition, but it is not so expressly decided. On the other hand, in the cases of Cotton v. Brown, 4 S. W. 294, 9 Ky. Law Rep. 115, and other cases, it is said by the court, in substance, when, in an action for relief on the ground of fraud or mistake, the defendant relies upon the five years' statute of limitations, and shows that the fraud or mistake was perpetrated or made more than five years before the action was instituted, the plea must prevail, unless it is avoided by a replication showing that the action was brought within five years after the discovery, and that he could not, by reasonable diligence, have discovered the same sooner. In our opinion this is the proper practice. There is no reason why a plaintiff in such an action should be required to anticipate in his petition a plea of the statute and allege matter in avoidance of it. The plea of the statute of limitation is a personal one. The defendant may not desire to avail himself of it; but, when pleaded, the opposite party may set forth matter in avoidance of the plea. But the plea of the use of ordinary diligence and the failure to discover the mistake or fraud until five years before the action is brought is not the only available plea in avoidance of the statute of limitation in such cases." * * * Terrell v. Maupin, 83 S. W. 591, 26 Ky. Law Rep. 1203.

The rule of practice thus announced was fully approved by this court after much discussion of the

subject. While in some sort a departure from certain of its former decisions, the rule is a safe and liberal one, which can result in no injustice, and for these reasons, as well as for the sake of uniformity, it should be followed by the circuit courts of the State. In view of this rule, the lower court erred in sustaining the demurrer to the petition.

As a reversal must be adjudged for this error, it is unnecessary, and would be premature, for us to pass on other questions discussed in the briefs of counsel which have not been decided by the lower court. They will arise after the filing of appellee's answer, or in completing the pleadings, and will then be passed upon by that court.

Judgment reversed, and cause remanded for further proceedings consistent with the opinion.