(District Court, E. D. Pennsylvania. June 26, 1909.)

No. 3,202.

In re LEE.

(District Court, E. D. Pennsylvania. July 1, 1909.)

No. 2,770.

BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME—"CONFIRMED."
    Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), provides that claims shall not be proved subsequent to one year after the adjudication. "Adjudication" is defined by section 1, subsec. 2, as the date of the entry of a decree that the defendant in a bankruptcy proceeding is a bankrupt, or, if such decree is appealed from, then the date when such decree is finally confirmed. Held, that the word "confirmed" is not synonymous with "affirmed," but includes the termination of an appeal from a bankruptcy adjudication by dismissal, so that where an adjudication was appealed from, and the appeal dismissed, cred-

─────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

itors were entitled to prove their claims within a year from the date of such dismissal.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*

For other definitions, see Words and Phrases, vol. 2, pp. 1425–1427.]

In Bankruptcy. On certificate of referee.

J. Aubrey Anderson and J. Howard Reber, for trustee.
William A. Carr, for claimants.

J. B. McPHERSON, District Judge. This controversy presents a narrow question for determination. Its nature appears in the following extract from the report of the referee (Theodore M. Etting, Esq.) :

"Section 57n of the present act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) provides that 'claims shall not be proved subsequent to one year after the adjudication.' The definition of the word 'adjudication' (section 1, subsec. 2) is as follows: 'Adjudication shall mean the date of the entry of a decree that the defendant in a bankruptcy proceeding is a bankrupt; or, if such decree is appealed from, then the date when such decree is finally confirmed.' The following facts are relevant to the question certified:

"On July 6, 1907, a decree was entered in the District Court adjudging Preston B. Lee a bankrupt, and on the same day the matter was referred to the undersigned as one of the referees in bankruptcy.

"On July 13, 1907, the bankrupt presented a petition for a writ of error to the United States Circuit Court of Appeals, and on this application an order was entered allowing the appeal and suspending all further proceedings in the District Court until the determination of said writ of error.

"On September 17, 1907, the appeal not having been perfected, a stipulation was filed of record, signed by the attorney for the bankrupt and by the attorney for the petitioning creditors, agreeing that the appeal taken by Preston B. Lee from the adjudication entered in the District Court should be dismissed, pursuant to rule 16 of the Circuit Court of Appeals (150 Fed. xxix, 79 C. C. A. xxix). The following order was entered by the Circuit Court of Appeals:

"'And now, September 17, 1907, it is ordered that the appeal taken by Preston B. Lee be docketed and dismissed under the rule of court.'

"On September 24, 1907, the above certificate of dismissal of appeal was returned to the District Court. The claims referred to in the order made by the referee, and which are certified as above, were offered for proof as follows:

> Jennie K. Lee. August 24, 1908.
> Elizabeth M. Lee. September 2, 1908.
> Building & Loan Association, September 11, 1908.

"The contention of counsel for the trustee is that, as the year began to run on July 6th, the date of adjudication in the District Court, consequently it had expired before any of the claims above referred to were offered for proof, and in this connection it is argued that the only decree of record in the case is that of July 6, 1907, the date of the original adjudication. I am unable to see that the rights of creditors can in any wise be changed by the fact that the order made on the 17th of September was one of dismissal instead of final confirmation. The intention of Congress clearly was to give claimants a full year in which to prove their claims. Between July 13, 1907, and September 17, 1907, all proceedings in the District Court were suspended, by order of that court, and the referee was, consequently, without authority to pass upon the claims, had they been offered for proof during that interval. The statute of limitations does not run when, by an order of court or any other paramount power, the remedy given is not available. Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895; Cavanaugh v. Britt, 90 Ky. 273, 13 S. W. 922; Clark v. Green, 62 Mich. 355, 28 N. W. 894.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"It is not supposable that such a solecism can exist in the law as to say that one must exercise a right within a certain period or be debarred from doing so, when during the same period the exercise, of such right is forbidden. If, prior to the dismissal of the appeal, 11 months and 29 days had run since the decree of the District Court, the time given creditors for proving claims under the trustee's contention would have been 1 day, or, if the proceedings on appeal had taken more than a year, creditors would never have had the opportunity of proving their claims at all."

It will be seen, I think, that the question has to do with the meaning of the word "confirmed," as it is used in section 1 of the act. In this section Congress is defining certain words and phrases, and it is evident that in dealing with the word "adjudication" the decree itself was not the matter chiefly in mind, but the day when the decree became effective—"adjudication shall mean the date," etc. This is the most important event in the bankruptcy proceedings. It is frequently referred to throughout the act, and the day when it occurs is repeatedly made a point of departure from which time is to be reckoned, either backward or forward, or a point at which rights are to accrue. It was, therefore, most desirable that there should be precision about the time when the decree should take effect, and this was attained in the first instance by fixing upon the date when the decree should be entered. But it was immediately apparent that the decree might not be acquiesced in. The bankrupt, or other person entitled, was allowed to appeal (section 25a [1]), and necessarily there would be some delay before the appellate tribunal could determine the validity of the decree. Meanwhile the administration of the estate would inevitably be suspended (except in rare contingencies) until the fundamental question could be decided whether a bankrupt estate was before the District Court at all. Therefore, as the administration of the estate was to be suspended, and as it was uncertain how soon its administration could be resumed, it was obviously necessary to determine how the delay should affect such rights as depended upon the "adjudication." This problem was solved in a simple and appropriate way, by moving the date of the decree—and therefore the "adjudication"—forward to the date when the obstacle of the appeal should be removed. By this decree a new starting point is furnished from which periods of time are to be computed—an arrangement that is evidently fair to all interests. Of course, if the appeal should succeed, the decree of adjudication disappears, and there is no bankrupt estate to administer; but, if the appeal does not succeed, the estate becomes again fully subject to the court's control. Evidently, an appeal may fail in either of two ways. It may be heard on the merits of such questions as are raised by the appellant, and the decree may be affirmed, or it may be dismissed without a hearing. Clearly, also, a dismissal may be brought about either by consent of the parties or by the action of the appellate tribunal; and (however brought about) it may take place either before a hearing or at the hearing. But in either of these contingencies—affirmance or dismissal—the result is the same. The obstacle to enforcing the decree is removed, and this, I think, is what is meant by "confirming" the decree. In my opinion the meaning is not confined to a technical affirmance—the failure to use that well-known word may be significant—but is broad enough to include whatever other

action is taken that results in "confirming" the decree; that is, in leaving it to stand in full force and effect. It is no doubt true, as was decided in United States v. Gomez, 23 How. 326, 16 L. Ed. 552, that:

"A motion to docket and dismiss a cause from the failure of the appellant to file the record within the time required by the rule of this court, when granted, is not an affirmance of the judgment of the court below. It only remits the case to the court below to have proceedings to carry that judgment into effect, if in the condition of the case there is nothing to prevent it."

But that, I think, is not the point here. Undoubtedly there was no "affirmance" of the decree under consideration; but the dismissal of the appeal may have been a "confirmance" within the meaning of that word as it is used in the bankruptcy act, and to this opinion I decidedly incline.

The decisions concerning the power of the courts to allow a claim to be filed after a year have no application. If the year is to be computed from July 6th, the claims are out of time; but, if the act provides that the computation shall not begin until September, they are within the year. In either event the question is decided by the statute, and the court simply applies the legislative rule. Neither are the decisions helpful that have discussed the periods of limitation prescribed by law, and the causes that may in effect prolong these periods; for the precise question here is simply, when did the limitation begin to run? And if it be true that the answer is to be looked for in section 1 (2), and is to be found in the meaning of the word "confirmed," it is evident, I think, that the controversy is ended as soon as the scope of that word has been determined to be wide enough to include dismissal of an appeal. It may be that, even if the year's limitation began to run on July 6th, it was suspended until the appeal was dismissed (Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895); but, while this position may be sound, I prefer to put the decision on the other ground. In brief, as I regard it, "confirmed" either has the technical meaning of "affirmed," and in that event the claim should have been rejected, or its meaning includes "dismissal," and, if this be correct, the claims were properly allowed.

The order of the referee is affirmed.