## Fields v. Walker, et al.

(Decided March 6, 1917.)

### Appeal from Perry Circuit Court.

1. Deeds—Action to Cancel—Limitation of Actions—Pleading.—In an action brought to cancel certain deeds and recover land claimed by the plaintiff, on the ground that the conveyances were procured by fraud and collusion on the part of and between the defendants, the defense that the action is barred by the statute of limitations cannot be raised by a general demurrer filed to the petition. Such defense can be made only by answer to the petition pleading the statute.

2. Divorce—Restoration of Property.—While a judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other, during marriage, in consideration or by reason thereof, if the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question thereafter arising as to what property shall be restored by either party to the other, may be settled by or in a subsequent action or proceeding instituted by either of them.

3. Appeal and Error—Divorce—Action For Restoration of Property —Estoppel.—In an action brought by a divorced wife after the judgment of divorce, to compel the divorced husband to restore to her a tract of land given her by her father, which the husband acquired from her during and by reason of the marriage, and the title to which he, by fraudulent collusion with another person, conveyed the latter, neither her failure to assert claim to the land in the action for divorce, nor that of the judgment of divorce to order its restoration to her, estopped her to sue for and recover it in the subsequent action brought by her for that purpose. Consequently the action of the circuit court in sustaining a general demurrer to the petition in the latter action, on that ground, is reversible error.

MILLER, WHEELER & CRAFT for appellant.

FAULKNER & FAULKNER and JOHN B. EVERSOLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

In this action brought in the Perry circuit court by the appellant, Sarah Fields, against Jeremiah Walker, R. F. Fields and others, she sought the cancellation of a deed made by her brothers and sisters, named in the petition, to her former husband, R. F. Fields, a deed made

by the latter to the appellee, Jeremiah Walker, and the recovery of the land described in both deeds. It was, in substance, alleged in the petition that shortly prior to the death of her father, John Walker, Sr., his children, including the appellant, by his direction divided among them his lands, the possession of which he surrendered to them for that purpose; and that though she joined in the various deeds of partition conveying to her brothers and sisters the lands allotted them, respectively, in the division of their father's lands, the part allotted her in the division, without her knowledge or consent and by fraud and collusion between her then husband, R. F. Fields, and her brother, Jeremiah Walker, was by deed conveyed by her brothers and sisters and the wives and husbands, respectively, of the latter, to R. F. Fields, and by him, several years after her father's death, to Jeremiah Walker, in which last named deed she by the fraud of R. F. Fields and Jeremiah Walker, and their threats that R. F. Fields would take her life if she refused, was forced to unite. That in the year 1915, R. F. Fields, by suit in the Perry circuit court, obtained a decree divorcing her, but without restoring to her the land mentioned, the title to which he acquired in the manner and by the fraudulent means above indicated. That prior to her former husband's obtention of the divorce from her she labored under the disability of coverture, which, together with her fear of him, prevented her from bringing an action to recover her land; and that she did not discover that the land allotted her in the division of her father's lands, had been conveyed by her brothers and sisters to R. F. Fields until shortly before the institution of this action to recover it.

A general demurrer filed by R. F. Fields and Jeremiah Walker to the petition was sustained by the circuit court and her petition dismissed at her cost. From the judgment manifesting these rulings, she has appealed.

The judgment does not indicate the ground upon which the circuit court sustained the demurrer. It is claimed by appellant's counsel that it was because of the opinion entertained by the court that the action was barred by the statute of limitations; and by appellees' counsel that it was because the court was of opinion that appellant's failure to assert her claim to the land in question in the action for divorce brought against her by R. F. Fields, estopped her to subsequently sue for its recovery; that the property rights of the husband and wife

should have been settled in the divorce action, and if not then done neither could thereafter be made to restore the property obtained from the other by or through the marriage. Whether the circuit court's action was based upon one or the other of these theories, it was error. As to the first, it is sufficient to say that in this jurisdiction we are thoroughly committed to the doctrine that in order to rely on the statute of limitations to bar a right to relief on the ground of fraud or other ground, the statute must be pleaded; and a demurrer to a pleading attempting to raise the defense of limitation is insufficient to raise such defense. Yager's Admr. &c. v. Bank of Kentucky, 125 Ky. 177; Swinebroad v. Wood, 123 Ky. 664, and cases later decided. As to the effect of the divorce, it should be said that while a judgment of divorce operates to restore to the divorced parties the title to such property as either may have obtained from or through the other, during marriage, in consideration or by reason thereof, if the order of restoration be, as is often the case, merely formal, or none is made when the divorce is granted, any question thereafter arising as to what property shall be restored by either party to the other, may be settled by or in a subsequent action or proceedings instituted by either of them. Civil Code, section 425; Ky. Statutes, section 2121; Sea's Admr. v. Conrad, 155 Ky. 51; Williams v. Gooch, 3 Met. 487; Smith v. Smith, 22 R. 225; Bennett v. Bennett, 95 Ky. 545; Johnson v. Johnson, 96 Ky. 391.

It will thus be seen neither of the defences mentioned was properly raised by appellees' general demurrer to the petition. Considering its averments as a whole, it cannot be said that the petition fails to state a cause of action.

For the reasons indicated the judgment is reversed and cause remanded for further proceedings consistent with the opinion.