## Fields v. Walker.

(Decided October 30, 1923.)

### Appeal from Perry Circuit Court.

1. Deeds—Instrument Executed Under Duress Ratified by Accepting Benefits.—A deed executed under duress may be ratified by accepting the benefits growing out of it, or by silence or acquiescence for an unreasonable length of time after opportunity is afforded to avoid it or have it annulled, and this rule applies to a married woman, signing a deed with her husband, where by reason of divorce or separation she is invested with the power to sue.

2. Cancellation of Instruments—Excuse for Failure to Sue to Set Aside Deed Must be Shown by Clear Evidence.—Where there has been delay in bringing an action to set aside a deed on the ground of duress, on the part of the party pleading duress, clear and convincing evidence will be required to explain the failure to proceed.

JOHN D. CARROLL and P. T. WHEELER for appellant.

FAULKNER, STANFILL & FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Prior to the year 1893, John Walker, Sr., died intestate, a resident of Perry county. He was the owner of a tract of land, and shortly after his death it was divided among his children. In the division, lot No. 7 was allotted to Sarah Fields, while lot No. 5 was allotted to her sister, Celia Crawford. It appears, however, that lot No. 5 was purchased by Jerry Walker from Celia Craw-

ford, and, by an agreement made between him and R. F. Fields, was exchanged for lot No. 7. On January 21, 1893, the other heirs conveyed lot No. 5 to R. F. Fields, the husband of Sarah Fields. In the year 1898, R. F. Fields and Sarah Fields conveyed lot No. 5 to Jerry Walker for $750.00.

In the year 1916, and shortly after she was divorced from her husband, Mrs. Fields brought this suit against all her brothers and sisters and her former husband, R. F. Fields, to set aside both deeds, first, on the ground of fraud, and, second, on the ground of duress. A demurrer was sustained to the petition, but on appeal the judgment was reversed. Fields v. Walker, et al., 174 Ky. 461, 192 S. W. 491. On the return of the case the parties pleaded to an issue and took several depositions in support of their respective contentions. On final hearing the petition was dismissed, and Mrs. Fields has prosecuted this appeal against Jerry Walker alone.

It is insisted that the chancellor erred in not cancelling the deed by which Mrs. Fields and her husband conveyed lot No. 5 to Jerry Walker. In support of the claim of duress Mrs. Fields testified that her husband was frequently drunk and abused her very badly and that she was afraid of him; that he would curse and swear and threaten her, and she would leave and go to somebody's house or stay out in the fields to get away from him; that she had to sign the deed or be killed or destroyed; that on the occasion when her acknowledgment was taken by the deputy clerk, Cornett, Cornett and her husband were upstairs. Cornett came downstairs where she and the children were in a room. Cornett asked her if she was going to sign the deed. She said, "No, sir." Cornett then said, "You had better sign this; Bob (her husband) is mighty drunk; I don't know what is going to be done if you don't sign it." Bob came down about that time very drunk and cursing. Martha Grigsby, a daughter of Sarah Fields, testified that her father had been trying for some time to get her mother to sign the deed, and on the occasion in question he was drinking and seemed to be mad. She also corroborated her mother as to the conversation which took place between her and Cornett. Martha Cottengame was also present when the deed was made, and gave the same account of what occurred between Mrs. Fields and Cornett. While none of the witnesses says that Jerry Walker was present when the deed was acknowledged, Mrs. Fields claims

that she told him that she did not want to sign the deed, and that he told her that Bob would make her sign it. There was further evidence that Jerry Walker and R. F. Fields were very intimate, and were frequently seen together. On the other hand, Jerry Walker denied that he told Mrs. Fields that her husband would make her sign the deed, or that he had any knowledge whatever of any coercion practiced upon her by her husband.

In view of the conclusion of the court, it is unnecessary to decide whether appellant met the burden of showing duress, and knowledge thereof by Jerry Walker. The authorities are agreed that a contract entered into under duress may be ratified by accepting the benefits growing out of it, or by silence or acquiescence for an unreasonable length of time after opportunity is afforded to avoid or have it annulled, and this rule applies to a married woman invested with the power to sue. The rule was recognized and applied in the case of Hall v. Bollen, 148 Ky. 20, 145 S. W. 1136, Ann. Cas. 1913E 436, where a married woman, who claimed that she executed a deed under duress exercised by her husband, did not bring action to cancel the deed until seven years later. In Schee v. McQuilken, 59 Ind. 269, where a wife sought to avoid a lease on the ground of duress imposed upon her by her husband, and no steps were taken to avoid the lease until three and one-half years after its execution, it was held that her ratification of the lease would be inferred. It is also the rule that where there has been delay in bringing an action to set aside a deed on the ground of duress on the part of the party pleading duress, clear and convincing evidence will be required to explain the failure to proceed. Lyon v. Waldo, 36 Mich. 345. In the case under consideration there was a delay of eighteen years in bringing the suit, and in the meantime the property had greatly increased in value. Not only was there no clear and convincing evidence that during this long period of time the duress continued, but numerous circumstances presented by the record tend to show the contrary. Not only does it appear that Mrs. Fields and her husband never got along very well together, but that there were frequent separations, during some of which he was absent from the state for considerable periods of time, and that they did not live together at all for some time prior to the divorce. In view of these circumstances, no reason is perceived why she should not

have brought suit many years before the divorce was actually obtained. We therefore conclude that her long delay in bringing suit amounted to a ratification of the deed.

Judgment affirmed.