## National Union Indemnity Co. v. Giles et al.

(Decided Oct. 28, 1938.)

WOODWARD, DAWSON & HOBSON and WILBUR O. FIELDS for appellant.

H. W. ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

At the November, 1929, election Elmer Giles was elected sheriff of Owen County, Kentucky, and was inducted into office on January 6, 1930, at which time he executed an official bond in the penal sum of $6,000, with the appellees, J. J. Giles, Sam Dempsey, A. J. Cubbage, W. L. Yancey, George Armstrong and John Link, as sureties. The bond provided, among other things, that Giles by himself, and deputies, would truly discharge all the duties of said office and pay over to such persons, and at such times, as they may be respectfully entitled to same, all money that may come to his or their hands as sheriff.

On April 17, 1930, Elmer Giles, with the appellant, National Union Indemnity Company as surety, executed another bond identically the same in amount, terms and conditions as the one the appellees signed; and on the same date, he, Giles, executed two additional bonds— one for $50,000 and the other for $30,000, with the appellant as surety. The $50,000 bond recited that Giles and his surety jointly and severally bound themselves to properly account for the "county levy and public dues" of Owen County. The $30,000 bond provided that Giles, as sheriff of Owen County, would faithfully perform his duties.

On May 17, 1932, Giles resigned his office. The county had an audit made of Giles' accounts, as sheriff, which disclosed that he was short in a sum in excess of $17,000. Appellant employed counsel to investigate the claim and estimate the amount of shortage, if any. It appears that appellant notified appellees of the alleged shortage and requested their assistance and cooperation in an investigation with the county and school board and other taxing districts who were interested, but appellees refused or failed to cooperate with or assist appellant in the defense of the claim.

After considerable work and negotiations the attorneys for appellant succeeded in settling the claim of Owen county against Giles, for $1,358.36, and with the Owen County Board of Education for $1,467.64, which sums were reduced in the sum of $129.47 salvaged out of certain uncollected tax bills, thereby reducing the total payment to the county and school board to $2,696.53. The attorneys for appellant charged and were paid a fee of $2,500, which sum plus the sums paid to the county and school board, aggregated the sum of $5,196.53, all of which was paid by appellant.

In February, 1935, appellant, plaintiff below, brought this suit in equity in the Owen Circuit Court to recover of appellees their pro rata part of the sums of money appellant paid for the purposes stated. The facts pleaded in the petition are, in substance, as stated above.

The defendants filed their answer, which was later supplemented by an amended answer, interposing numerous defenses, among which was that at the time they signed as sureties, for Elmer Giles, his official bond in the sum of $6,000, it was then represented to them by the then county judge of Owen County, Kentucky, who took and approved said bond, and by their principal, Elmer Giles, that the bond then executed by them was to be a temporary bond and to remain in force only until their principal, Elmer Giles, could secure a surety company to execute bonds for him covering not only the purpose for which defendants executed the $6,000 bond, but the county levy bond and state revenue bond required to be executed by the sheriff; that they and each of them signed said bonds as surety because of the representations made to them by the county judge and their principal and with the distinct and express understanding that they were to be bound only until such time as Elmer Giles might execute his bonds with some surety company as his surety, and but for which representations and understanding they would not have signed the said official bond of Elmer Giles executed on January 6, 1930.

They further alleged that thereafter through J. E. Davis, a local insurance agent of Owenton, Kentucky, Giles made application to appellant, National Union Indemnity Company, for an official county levy and school bond and state revenue bond and said applica-

tion was sent to and received by plaintiff and by it sent to its state agent, Carl Buetenbach, at Owenton, Kentucky, who arranged with Elmer Giles for the execution of said bonds applied for by him through the local agent, Davis; that while in Owenton, Kentucky, said agent of appellant, Carl Buetenbach, was advised of the execution of the official bond by the defendants executed on January 6, 1930, and advised of the understanding with the county judge and Giles that it was to be effective until said Elmer Giles could execute all the bonds required of him, and no longer; that the said state agent then stated and represented to the defendants that if the appellant company executed the bonds applied for, such official bonds executed by it would take the place of and be in lieu of the official bond executed by defendants; that later when the state agent of appellant returned to Owenton, to deliver the three bonds executed by Giles on April 17, 1930, with appellant as surety, for $6,000, $30,000 and $50,000, respectively, which bonds were then filed in and approved by the Owen County Court, the said state agent of appellant informed and advised the defendants that the said official bonds that day filed by him in the Owen County Court relieved them of any and all liability under the official bond executed by them for Elmer Giles on January 6, 1930.

Defendants further stated that they relied upon the representations made to them by appellant's state agent and but for which representations and statements so made, they would have taken the required steps to have had the official bond executed by them cancelled and would have obtained their release from any further liability thereon; that by reason of these representations and facts appellant is now estopped to claim contribution from the defendants for any money alleged to have been paid by it to the fiscal court of Owen County or to the school boards of Owen county on account of any shortage of its principal, Elmer Giles, or any attorneys' fees alleged to have been expended by appellant in investigating the alleged shortage of Elmer Giles.

By subsequent pleadings the issues were made and the evidence taken and the case submitted for judgment and the court held and adjudged defendants not liable for contribution to appellant in any sum, and dismissed its petition. This appeal follows.

We will first consider the competency of the evidence to sustain appellees' plea of estoppel.

The appellees or some of them, testified positively that Carl Buetenbach, the state agent for appellant, made the representations to them as set out in their answer, in reference to their release on the bond they signed as sureties January 6, 1930, when Giles executed the other three bonds with appellant as surety. Buetenbach was asked whether he made the statements or representations claimed by appellees, and his answer was, "I don't know that I did, but that it would, seem to me would be the procedure.

"Q. Was it, then, your intention that the official bonds you had executed for Mr. Giles was to take the place of the one which these men had signed for Mr. Giles about January 6, 1930? A. I can't say positively, but certainly there would not be two sets of bonds out."

Appellant filed exceptions to the evidence relating to the representations made by Buetenbach to appellees which exceptions the court overruled.

Appellants virtually concede that the evidence, if competent, is amply sufficient to sustain appellee's contention that Buetenbach made the representations in question, but insist that the exceptions to that line of evidence should have been sustained on the ground that the opinion of the appellant's agent, Buetenbach, was not competent testimony against it. Counsel for appellants cite no authority nor offers any reason for its contention that such testimony was incompetent; but, we presume that it is upon the ground that the agent, Buetenbach had no authority to bind his principal in that respect. Whether or not the representations made by Buetenbach were binding on his principal, the appellant, depends upon the scope of the agent's authority. It is to be noted that Giles made application to Davis, a local agent, and Davis referred the matter to Buetenbach, who was the state agent for appellant. In reference to his agency or authority, Buetenbach testified that at the time the bonds were executed he held the position of Special Agent for Kentucky for both the insurance company and indemnity company. He was asked what his duties were in reference to executing sheriffs' official and revenue bonds in the state of Kentucky, and he an-

swered: "Making contracts with the agents for the parties who were making the bonds."

. He also said that he required of the sheriff, Giles, an indemnity agreement before he executed the bonds; and, in speaking further of the indemnity agreement, he was asked if he had that agreement in his possession in Louisville at the time of this controversy, and he said he "approved of the whole transaction."

It is thus seen from the evidence of Buetenbach that he was the special agent for appellant company possessed with the authority to execute official and revenue bonds for sheriffs in the State of Kentucky. It appears that when Giles made application to Davis, the local or soliciting, agent, for the bonds in question, Davis, who had only a limited authority, did not undertake to make the contract for appellant, but referred the matter to Buetenbach, the special state agent for appellant, who did assume to have, and we think he did have, general authority to make such contracts in behalf of his principal.

In National Union Fire Insurance Company v. Duvall et al., 268 Ky. 168, 104 S. W. (2d) 220, it is held that a special agent can, without consulting his principal, by oral contract vary the terms of a written contract made by his principal. In that case a written contract had already been executed between the parties and it was held that the special agent had the authority even to modify the written contract, by parol agreement. That case appears to be much stronger than the one at bar in which the oral representations or statements were made by the state agent before the bonds were executed. It may be conceded that a local agent with limited authority cannot bind his principal by such an agreement unless expressly authorized to do so (United States Fidelity & Guaranty Company v. McGinnis' Adm'r, 147 Ky. 781, 145 S. W. 1112), but the rule is different in respect to the authority of an agent who has general authority to represent his principal in the transaction of its business. The distinction between the two classes of agents is clearly indicated in the cases of National Union Fire Insurance Company v. Duvall, and United States Fidelity & Guaranty Company v. McGinnis' Adm'r, supra.

Our conclusion is that Buetenbach being the State

agent for appellant and possessed of the authority to execute such bonds as are here in question in behalf of appellant, his representations and statements made to appellees are binding on appellant and that the evidence relating thereto is competent.

Section 4659 et seq., Kentucky Statutes, provides the remedy whereby sureties may be relieved from future or further liability on official bonds. It is established by pleading and proof for appellees that by reason of the representations made to them by appellant's agent, they were led to believe and did believe that their liability on the bond which they signed as surety for Giles terminated when Giles executed the other bonds with appellant as surety and, by reason thereof they failed to avail themselves of the remedy provided by law to obtain their release from future liability on said bond.

We conclude, therefore, that because of the conduct of the appellant by its agent, it is now estopped to maintain this action against appellees for any part of the sums of money alleged to have been paid by it by reason of its suretyship on said bonds.

These conclusions make it unnecessary to pass on other questions raised.

Judgment affirmed.