Evelyn McDowell Garrard STRODE et al.,
Appellants,

v.

Frances Toulmin Garrard SPODEN et al.,
Appellees.

Frances Toulmin Garrard SPODEN et al.,
Appellants,

v.

Nellie McDowell GARRARD'S EXECUTOR
(The Winchester Bank) et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Louis Cox, Hazelrigg & Cox, Frankfort, Beverly White, Winchester, Clark Pratt, Hindman, for Evelyn McDowell Garrard Strode and others, and Nellie McDowell Garrard's Executor (The Winchester Bank) and others.

Dan T. Martin, Hindman, Guardian ad litem for Mary McDowell Garrard.

D. L. Pendleton, Sr., Winchester, Grannis Bach, Jackson, Allen Prewitt, Frankfort, for Frances Toulmin Spoden and others.

WADDILL, Commissioner.

This action was brought by Mrs. Nellie Garrard's executor and devisees against E. G. Garrard's devisees seeking reformation of a deed on the ground of mutual mistake. The court granted the relief sought in behalf of plaintiff T. T. Garrard, who was a person of unsound mind; however, the court dismissed the claim of the

plaintiff, Evelyn Strode, on the ground that her cause was barred by limitations. The parties adversely affected by the judgment have appealed.

In 1921, W. T. Garrard, and his brother, E. G. Garrard, who were partners in a lumber business, purchased the 1162-acre tract of land involved in this case. In 1926 the Garrard brothers executed a coal lease of this land to Columbus Mining Company for a term of fifty years. The lessee immediately began mining operations and has continued to pay royalties due under the lease. In the same year the Garrard brothers executed a ten year oil and gas lease on the premises to Warfield Natural Gas Company. This lease was extended on three occasions, the last extension expiring on December 15, 1951. The lessee did not drill, but elected to pay delay rentals.

W. T. Garrard died testate in 1928, devising all of his property to his widow, Nellie Garrard, which included the undivided one-half interest in the land now in dispute. The will provided that E. G. Garrard should be consulted in the event Nellie Garrard desired to sell the jointly owned property and gave him the first option to purchase. After the death of W. T. Garrard the lumber business continued under the management of E. G. Garrard until his death in 1941.

Mrs. Nellie Garrard died testate in 1932, leaving one-half of her estate to her son, T. T. Garrard (a person of unsound mind for whom The Winchester Bank was committee), and one-half to her daughter, Mrs. Evelyn Strode. The will restricted the use of the property devised to Mrs. Strode until 1940, when she became 30 years of age. The will appointed The Winchester Bank as executor and gave it the power to sell and convey the property devised. However, the will required that in any disposition of the jointly owned property, E. G. Garrard was to be consulted and his rights and interests were to be considered and respected, and in the event that E. G. Garrard desired to sell his interest in the jointly owned property, the executor was directed to join in the conveyance under terms fixed by Garrard.

On December 12, 1938, The Winchester Bank, which had qualified as executor and trustee under the will of Nellie Garrard, conveyed an undivided one-half interest in the land involved herein to E. G. Garrard, for $2,500. The deed purported to convey the fee, subject to the coal and oil leases.

E. G. Garrard died in 1941, devising his interest in this property to his widow for life, remainder to his daughters, Mrs. Kramer, Mrs. Spoden, and Mary Garrard, defendants in this suit. His widow has since died.

The Winchester Bank, executor of Nellie Garrard's estate, T. T. Garrard's committee, and Mrs. Evelyn Strode instituted this action on June 10, 1952, alleging that the parties had intended for the deed to include only the surface of the tract, and prayed for reformation of the deed so as to reserve the minerals. The court found that a mutual mistake existed insofar as the deed purported to convey one-half of the minerals. The court adjudged that T. T. Garrard was entitled to a reformation of the deed so as to except his one-fourth interest in the minerals from the conveyance. However, the court adjudged that Mrs. Strode's claim was barred by limitations.

■ The evidence of mistake is clear. The testimony of George Tomlinson, who was president of The Winchester Bank in 1938, was to the effect that all parties concerned knew at the time of the conveyance that only the surface was intended to be conveyed. It was also shown that prior to the conveyance, Mrs. Strode gave Mr. Tomlinson a signed authorization for the sale of the surface of the tract. The sale price was deposited to the credit of the estate of Nellie Garrard, and the deposit slip bore the notation "interest in surface of land on Red Oak Creek." There is testimony of a mining engineer that the net value of the property at the time of the sale was $81,224. Since the conveyance, the parties have continued to treat it as a con-

veyance of the surface only. In 1941 E. G. Garrard joined with Mrs. Strode and T. T. Garrard's committee in extending the oil and gas lease for five years. This lease was again extended in 1946 by Mrs. Strode, T. T. Garrard's committee and the devisees of E. G. Garrard. Each extension was a recognition that W. T. Garrard's devisees had retained their interest in the minerals. We further observe that since the death of E. G. Garrard the devisees of both E. G. Garrard and W. T. Garrard have jointly paid the taxes due on the mineral estate of the land in controversy. We think the evidence clearly supports the finding of the trial court that a mutual mistake existed insofar as the deed purported to convey one-half of the minerals to E. G. Garrard.

■ ■ On appeal, Mrs. Strode relies upon the following grounds to prevent her claim from being barred by limitations under KRS 413.120 and 413.130. She urges that a fiduciary, or confidential relation existed between her uncle, E. G. Garrard, and herself, which excused her failure to discover the mistake, and therefore tolled the running of the statute until she actually learned of the mistake. She further asserts that the actions of her uncle, E. G. Garrard, and later his devisees in treating her as owner of one-fourth of the minerals lulled her into a sense of security, thereby preventing her from bringing an action until the statute had run. Therefore, she maintains that E. G. Garrard's devisees were estopped from asserting the defense of limitations at this time.

An examination of the evidence concerning the business transactions between E. G. Garrard and Mrs. Strode leaves no doubt that a fiduciary relation existed. First, were the close family ties evidenced by the language of the two wills. Also, E. G. Garrard had served as managing partner of the lumber business, both for Mrs. Strode and her mother. He had been given considerable authority under the terms of the wills, and it appears that he advised Mrs. Strode in business matters. Occupying this position of special confidence, E. G. Garrard could not have relied upon the statute of limitations and it would follow that those claiming through him would also be estopped from asserting limitations. McCarty v. McCarty's Adm'r, 258 Ky. 666, 81 S. W.2d 8. Especially is this true where those so claiming and seeking to invoke the statute have, through their own actions, prevented the plaintiff from discovering and asserting a right before the statute had run. Security Trust Co. v. Wilson, 307 Ky. 152, 210 S.W.2d 336; Swinebroad v. Wood, 123 Ky. 664, 97 S.W. 25; 53 C.J.S., Limitations of Actions, § 25, p. 962.

We think the grounds urged on the appeal prosecuted by Mrs. Strode are meritorious, and, therefore, we conclude that the court erred in failing to grant her the relief she sought.

■ ■ The devisees of E. G. Garrard contend on their appeal that T. T. Garrard's interest in the land is held in trust by The Winchester Bank under the terms of Nellie Garrard's will. They further maintain that as the incompetency of the cestui que trust does not prevent the statute of limitations from running against the trustee, the cause of action of T. T. Garrard has been barred under KRS 413.130(3).

In order to create a trust, legal title to the res must be transferred to the trustee. Lossie v. Central Trust Co. of Owensboro, 219 Ky. 1, 292 S.W. 338. This was not done under the will of Nellie Garrard. By the second paragraph of her will she devised her property to her two children, T. T. Garrard and Mrs. Evelyn Strode. Therefore, title passed to them upon her death. Subsequent provisions in the will directed and restricted the executor in his disposition and control of the property, but had no effect to impose a trust upon it. Hence, as the incompetent son had title to the property in controversy, his cause was not barred by limitations. KRS 413.170(1). The court correctly adjudicated this phase of the case.

Wherefore the judgment is affirmed on the appeal prosecuted by Mrs. Spoden and the other devisees of E. G. Garrard; the judgment is reversed on the appeal taken by Evelyn Strode, with directions to enter a judgment granting her the relief sought.